**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward George Lesofski,<br><br>  Plaintiff,<br><br>v.<br><br>United States Secretary for the United States Air Force,<br><br>  Defendant. | No. CV-20-00044-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 10.) The Court issued an Order on May 1, 2020 warning Plaintiff that a failure to respond to the Motion to Dismiss may, in the Court's discretion, "be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i)." (Doc. 11); *see Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (per curiam). The Court ordered Plaintiff to respond to the Motion to Dismiss on or before June 1, 2020. (*Id.*) Plaintiff has not responded.

**I.   Background**

On January 27, 2020, Plaintiff filed a Complaint and Motion for Temporary Restraining Order ("TRO") related to his eviction from a campground located on Davis-Monthan Air Force Base. (Docs. 1, 2.) In the Complaint and Motion for TRO, Plaintiff indicates that he is a disabled veteran with four service dogs and that he, together with the

dogs, had been living on a campground in the Davis-Monthan Air Force Base for three months preceding the filing of this lawsuit. (*Id*.) Plaintiff states that on January 27, 2020, he was served with an eviction notice requiring him to leave the campground within 24 hours. (Doc. 2 at 1.) A copy of the eviction notice is attached to the Motion for TRO. (*Id.* at 2.) The eviction notice indicates that Plaintiff has violated campground rules limiting guests to three dogs per site; requiring guests to leash dogs at all times and immediately pick up pet droppings; and prohibiting guests from bringing pets into facilities such as the campground office, rest room, and laundry room. (*Id*.) The eviction notice also indicates that Plaintiff has "treated other guests with disrespect when reminded of the park rules." (*Id*.)

In his Complaint, Plaintiff avers that the campground has selectively enforced its rules, that he had no chance to address the charges against him, and that the eviction notice violates his rights under the Fifth and Fifteenth Amendments to the United States Constitution. (Doc. 1.) Plaintiff avers that this Court has jurisdiction under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 701 *et seq.*, and, liberally construed, his Complaint alleges a Rehabilitation Act violation. (*Id*.); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se documents are to be liberally construed). Plaintiff seeks money damages for "moving" and "emotional damages." (*Id*.)

The Court denied Plaintiff's request for a TRO on January 28, 2020. (Doc. 6.)

**II.    Standard of Review**

Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007).  When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994).  While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The allegations "must contain sufficient . . . underlying facts to give fair notice and

to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

LRCiv 7.2(i) provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, of if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

### III. Discussion

Defendant argues that Plaintiff's Complaint should be dismissed because his allegations do not "plausibly suggest an entitlement to relief" under the ADA, the Rehabilitation Act, or 42 U.S.C. § 1983. (Doc. 10.)

### A. ADA Claim

Defendant argues that the ADA does not apply to the federal government. (*Id*.); *see* 42 U.S.C. § 12131(1) (defining public entity in Title II to include only state and local governments and commuter authorities); 42 U.S.C. § 12181(6) and (7) (defining public accommodations in Title III to include only private enterprises affecting interstate commerce). "The United States has not waived its sovereign immunity to be sued [for damages] under the ADA[.]" *Gray v. United States*, 69 Fed. Cl. 95, 101 (2005). There is no private cause of action against the United States under the ADA. *Id*. Accordingly, the Court will dismiss Plaintiff's ADA claim.

### B. Rehabilitation Act Claim

Defendant argues that, although the Rehabilitation Act does apply to the federal government, Plaintiff has not adequately stated the elements of a Rehabilitation Act Claim. (Doc. 10 at 3.) To state a claim under the Rehabilitation Act, a plaintiff must allege that: (1) he was disabled within the meaning of the statute; (2) he was "otherwise qualified" for the defendant's services, with or without reasonable accommodation; (3) he was denied the services because of his disability; and (4) the defendant received federal

1  financial assistance. *Martin v. Cal. Dept. of Vet. Affairs*, 560 F.3d 1042, 1047 (9th Cir.
2  2009). Courts look to regulations implementing the ADA to define a disability under the
3  Rehabilitation Act. *See Walton v. U.S. Marshals Servc.*, 492 F.3d 998, 1005 (9th Cir.
4  2007). The ADA defines "disability" as: (A) a physical or mental impairment that
5  substantially limits one or more of the major life activities of such individual, (B) a
6  record of such an impairment, or (C) being regarded as having such an impairment. 42
7  U.S.C. § 12102(2); *see also* 28 C.F.R. § 35.108(b) (defining "physical or mental
8  impairment"); 28 C.F.R. § 35.108(c) (defining "major life activities").

Although Plaintiff alleges that he is disabled, he provides no information about his disability and provides no facts that would indicate that his disability impairs a major life activity within the meaning of the statute. Accordingly, Plaintiff has failed to allege facts sufficient to state a claim under the Rehabilitation Act. Even if Plaintiff were disabled within the meaning of the statute, however, he has also failed to allege facts showing that he was denied Defendant's services because of his disability. Although Plaintiff suggests that he was removed from the campground for having more than three service dogs, he has not stated sufficient facts to link this reason for his removal with his disability—for example, that his disability requires more than three service dogs. Accordingly, the Court will dismiss the Rehabilitation Act claim.

**C. Constitutional Claims**

Defendant argues that Plaintiff's constitutional claims fail because 42 U.S.C. § 1983 does not apply to the federal government. (Doc. 10 at 5); *see Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("[S]ection 1983 only provides a remedy against persons acting under color of state law"). As Plaintiff names only the Secretary for the United States Air Force as a Defendant, 42 U.S.C. § 1983 does not provide a basis for jurisdiction over Plaintiff's constitutional claims.

Defendant acknowledges that federal actors can be liable for constitutional violations under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* cause of action only lies against federal officials acting in

their individual capacities. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (9th Cir. 2009). Thus, to state a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. There is no vicarious liability under *Bivens*. *Id*. The Complaint does not name any individual federal officials other than the Secretary and does not allege facts indicating that the Secretary personally violated Plaintiff's constitutional rights. Accordingly, the Court will dismiss Plaintiff's constitutional claims.

### D. Leave to Amend

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Leave to amend should freely be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

Plaintiff's ADA claim and constitutional claims against the United States cannot be cured by amendment; it is not entirely clear whether Plaintiff's Rehabilitation Act claim could be cured. However, Plaintiff failed to timely respond to the Motion to Dismiss and, over two months after the deadline, has not filed a Response. The Court deems Plaintiff's non-response to the Motion to Dismiss a consent to the granting of the Motion and the dismissal of his claims with prejudice. (Doc. 11); *see also* LRCiv 7.2(i); *Brydges*, 18 F.3d 651.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **granted**. The
2 above-captioned action is **dismissed with prejudice**. The Clerk of Court is directed to
3 enter judgment accordingly and close this case.
4 Dated this 19th day of August, 2020.

_____
Honorable Rosemary Márquez
United States District Judge